# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

RICO ISAIH HAIRSTON,,

    Petitioner,

    v.                                      CASE NO. 2:16-cv-1163

ALLAN HARRIS,               CHIEF JUDGE EDMUND A. SARGUS, JR.

                                                     Magistrate Judge Kemp

    Respondent.

## REPORT AND RECOMMENDATION
## AND ORDER

Petitioner, Rico Isaih Hairston, filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court for an initial review, as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. That Rule provides that "[i]f it plainly appears from the petition and any attached exhibits that the moving party is not entitled to relief, the judge must dismiss the petition …." For the following reasons, it will be recommended that this motion be dismissed under Rule 4 because it is plain that Petitioner is not entitled to relief. It will be further ordered that all of the pending motions be denied.

### I. Discussion

When he filed his petition, Petitioner was being held at the Franklin County Corrections Center by post-release control authorities. He named Allan Harris as the Respondent because he is employed by the Ohio Adult Parole Authority. Petitioner's basic

claim seems to be that he was subjected to double jeopardy by being taken into custody for violating the terms of post-release control.

As the facts supporting his claim, Petitioner asserts in his petition that various constitutional rights were violated when he was taken into custody for alleged violations of post-release control. He has supplemented his allegations in additional filings, including one of his motions for leave to amend his petition (Doc. 10), with allegations that his parole officer, Respondent Harris, forced him to sign a document containing conditions of supervision even though Petitioner did not agree with those conditions, and then arrested him for being "under investigation." He argues that at the time he signed the document, he had already served the underlying prison sentence in full, so that any additional punishment constituted double jeopardy and a violation of the law against involuntary servitude. Petitioner states that he filed a grievance with the Adult Parole Authority and also a state habeas corpus petition, and that both were pending when he submitted his petition to this Court.

Petitioner's action suffers from a fatal flaw - he has not exhausted his available state court remedies. Before a federal habeas court may grant habeas corpus relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples,* 489 U.S. 346, 349 (1989); *Silverburg v. Evitts,* 993 F.2d 124, 126 (6th Cir. 1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion

requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). But where alternative state remedies are available to consider the same claim, exhaustion of one of these remedies is all that is necessary. *Keener v. Ridenour*, 594 F.2d 581, 584 (6th Cir.1979). A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he seeks to present for federal habeas review. *Prather v. Rees*, 822 F.2d 1418, 1420 n. 3 (6th Cir. 1987).

Here, Petitioner concedes that the only attempts he made to challenge his current sentence were still pending at the initial level when he filed his federal habeas corpus petition. Although a state habeas corpus action may be the appropriate remedy to pursue (assuming that Petitioner is in custody as a result of actions of the Ohio Adult Parole Authority), *see Brewer v. Dahlberg*, 942 F.2d 328 (6th Cir. 1991), that action has to be pursued to completion through the Ohio court system, including the Ohio Supreme Court, before a federal habeas corpus petition can properly be heard. Alternatively, if Petitioner is being held in custody based on an order from the Franklin County Court of Common Pleas, that order would be appealable. Either way, Petitioner has simply not exhausted his state court remedies, and this habeas corpus action must be dismissed for that reason.

## II. Order and Recommended Disposition

Petitioner has moved for leave to proceed *in forma pauperis*. That motion shows that he cannot afford the $5.00 filing fee for this action, so the motion (Doc. 2) is granted. He has filed numerous other motions (Docs. 6, 10, 11, 13, 20, 24, 25, 29, 34, 35, and 37), none of which change the fact that his claim is unexhausted. One of those (Doc. 20) is a

dispositive motion, so the Court recommends that it be denied. All of the other motions are denied. Further, it is recommended that this case be **DISMISSED** without prejudice for failure to exhaust available state court remedies.

### III. Procedure on Objections

As to the order denying Petitioner's various motions, Petitioner may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a). The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law. This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.3.

As to the recommendation that Doc. 20 be denied and that this action be dismissed, Petitioner may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the

findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

Petitioner is specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge