# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

RICO ISAIH HAIRSTON,

    Petitioner,

v.

ALLAN HARRIS,

    Respondent.

CASE NO. 2:16-CV-1163
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

On June 26, 2017, the Magistrate Judge issued a *Report and Recommendation and Order* pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that the petition for a writ of habeas corpus be dismissed without prejudice as unexhausted, and denying the remainder of Petitioner's pending motions (Docs. 6, 10, 11, 13, 20, 24, 25, 29, 34, 35, 37). (Doc. 39.) Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation and Order*. (Doc. 41.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (Doc. 41) is **OVERRULED**. The *Report and Recommendation and Order* (Doc. 39) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED** without prejudice as unexhausted. Petitioner's pending motions (Docs. 6, 10, 11, 13, 20, 24, 25, 29, 34, 35, 37), are **DENIED**.

Petitioner asserts that he is being held in violation of the Constitution and the Double Jeopardy Clause, and that he is being subjected to involuntary servitude, due to his incarceration for the alleged violations of the terms of his post-release control. Petitioner claims that his parole officer forced him to sign parole documents against his will. According to Petitioner, his

sentence has completely expired and the parole board has unlawfully extended the term of his post release control, in violation of Ohio law. As discussed, the Magistrate Judge recommended dismissal of this action as unexhausted.

Petitioner objects to the Magistrate Judge's recommendation. Petitioner complains that the Magistrate Judge construed this action under 28 U.S.C. § 2254, but he filed it under 28 U.S.C. § 2241. Petitioner appears to argue that he has exhausted his claims by the filing of a prior § 2254 action in this Court. He has additionally attached a January 10, 2017, *Notice of Findings of Release Violation Hearing* document in support. (Doc. 41-2, PageID# 136.)

Pursuant to 28 U.S.C. § 2241, a federal district court may grant a petition for a writ of habeas corpus if a petitioner establishes that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" However, "the Sixth Circuit has suggested that there is a 'serious question whether a state prisoner may proceed under § 2241,' but published decisions have permitted state prisoners to proceed under 2241." *Tolliver v. Smith*, No. 3:16-cv-P523-DJH, 2016 WL 7192126, at *1 (W.D. Kentucky Dec. 9, 2016) (citing *Allen v. White*, 185 Fed.Appx. 487, 490 (6th Cir. 2006) (*per curiam*) (emphasis omitted); *Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369, 371-72 (6th Cir. 2001)). Regardless, however, "Rule 4 of the Rules governing Section 2254 cases in the United States District Courts applies to habeas corpus petitions filed under 28 U.S.C. § 2254 or § 2241." *Evans v. U.S. Marshal Service*, No. 2:14-cv-1451, 2015 WL 1476654, at *2 (S.D. Ohio March 31, 2015) (citing Rule 1 of the Federal Rules of Civil Procedure; *Jackson v. Wilson*, No. 10–39–GFVT, 2010 WL 1038070 at *1 (E.D.Ky. March 17, 2010); *Truss v. Pearson*, No. 06–2111–BVC, 2006 WL 1806023 at *4 (W.D. Tenn. June 29.2006)). Likewise, "§ 2254's exhaustion requirement applies to § 2241 petitions challenging the execution of a sentence, even though that statute does not mandate exhaustion by

2

its own terms." *Tolliver*, 2016 WL 7192126, at *1 (citing *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 236 (6th Cir. 2006)); *see also Jackson v. Shobert*, No. 1:13-cv-840, 2013 WL 4012781, at *1 (N.D. Ohio Aug. 6, 2013) (citing *Hensley v. Municipal Court*, 411 U.S. 345, 353 (1973); *Baldwin v. Reese*, 541 U.S. 27 (2004)). It is the petitioner's burden to establish that he has properly and fully exhausted his available state court remedies with respect to his claims. *Prather v. Rees,* 822 F.2d 1418, 1420 n.3 (6th Cir. 1987). Petitioner has failed to meet this burden here. Moreover, the prior federal habeas corpus referred to by Petitioner involved his claim that the state courts failed to provide him with the appropriate amount of jail time credit. On December 6, 2016, the Court issued final *Judgment* dismissing that action as moot, because Petitioner's sentence had completely expired. *Hairston v. Warden, Ross Correctional Institution*, Case No. 2:16-cv-768 (S.D. Ohio Dec. 6, 2016) (see Doc. 41-1, PageID# 134-35.) Petitioner did not thereby exhaust the claims he now presents in these proceedings.

Therefore, Petitioner's *Objection* (Doc. 41) is **OVERRULED**. The *Report and Recommendation and Order* (Doc. 39) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED** without prejudice as unexhausted. Petitioner's pending motions (Docs. 6, 10, 11, 13, 20, 24, 25, 29, 34, 35, 37), are **DENIED**.

**IT IS SO ORDERED**.

7-12-2017

EDMUND A. SARGUS, JR.
Chief United States District Judge